## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

RONNIE YOUNG,                                  )
                                               )
      Plaintiff,                           )
                                               )
        v.                               )     No. 4:12-CV-254-SNLJ
                                               )
ST. ALEXIUS HOSPITAL, et al.,                  )
                                               )
      Defendants.                          )

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of  Ronnie Young (registration no. 507298), an inmate at the Southeast Correctional Center, for leave to commence this action without payment of the required filing fee.  For the reasons stated below, the Court will assess an initial partial filing fee of $1.75.  See 28 U.S.C. § 1915(b)(1).  Furthermore, based upon a review of the complaint, the Court finds that this 42 U.S.C. § 1983 action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater

of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $8.75, and an average monthly account balance of $.10. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.75, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either

in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## The Complaint

Plaintiff, an inmate at the Southeast Correctional Center, seeks monetary relief in this 42 U.S.C. § 1983 action against defendants St. Alexius Hospital, Barnes-Jewish Hospital, Dr. Barra Barnes, Dr. Martin A. Docherty, Nurse Brooke A. Shepard, Nurse Mark Canada, Debbie Harrison ("PCA"), Nurse Cindy Murphy, Heather Reeves (St. Alexius Hospital employee), Dr. Bruce Stoliar, Nurse Jamie Swanston, Dr. James A. Junker, and St. Louis City Police Officers Nathaniel Burkemper, Patrick Daut, and Unknown Hill. In addition, plaintiff asserts a pendent state-law claim for medical malpractice.

Plaintiff alleges that after being detained on August 6, 2009, on a claim of possible drug consumption, defendant police officers Daut and Burkemper took him

3

to St. Alexius Hospital for treatment.  Plaintiff claims that he told hospital personnel

he had not consumed any drugs and that he had no need for medical attention.  The

officers informed medical personnel that they had seen plaintiff swallow two "eight

balls" of cocaine; however, according to plaintiff, this was a deliberate fabrication.

Plaintiff states that "earlier in the day he had injected drugs," and that he made both

the medical staff and police officers aware of this fact.  Plaintiff claims that medical

personnel proceeded to treat him, without his permission, causing him constipation,

headaches, stomach cramps, sleep deprivation, mental anguish, lung constriction, and

recurring nightmares.  In addition, plaintiff alleges that the defendant medical

personnel engaged in a "deliberate and substantial departure from normal medical

practices."

## Discussion

### I.  Section 1983 claims

#### A.  Defendants St. Alexius Hospital and Barnes-Jewish Hospital

Having carefully reviewed plaintiff's allegations, the Court finds no claim or

indication that any of the alleged constitutional violations were the result of a policy

or action on behalf of St. Alexius or Barnes-Jewish or to an action by anyone

representing official policy on their behalf.  Rather, plaintiff alleges, under a

respondeat superior theory, that his claims against the two hospitals are due to their

employment of the numerous defendant doctors and nurses who allegedly ignored his version of the facts and "provid[ed] mistreatment."

The Court will dismiss the complaint pursuant to § 1915(e)(2)(B) as to defendants St. Alexius Hospital and Barnes-Jewish Hospital, because the respondeat superior theory of liability is inapplicable in § 1983 actions.  See Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995).  Moreover, "[a] corporation acting under color of state law will beheld liable only for its own unconstitutional policies." Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993).   Because plaintiff does not identify any alleged official hospital policies or customs, he has failed to state a claim or cause of action against either of the two hospital defendants.

### B.  Defendants Burkemper, Daut, and Hill

Plaintiff brings this action against the three individual St. Louis City police officers, Burkemper, Daut, and Hill, in their official capacity.  See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom

of the government entity is responsible for the alleged constitutional violation.

Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978).

The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As such, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to defendants Nathaniel Burkemper, Patrick Daut, and Unknown Hill.

### C.  All Remaining Defendants

Plaintiff's medical mistreatment claims against the ten remaining defendant doctors, nurses, and hospital employees will also be dismissed pursuant to § 1915(e)(2)(B). To state a claim for unconstitutional medical mistreatment, a plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). To show deliberate indifference, a plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). Furthermore, to state a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). Medical malpractice

alone is not actionable under the Eighth Amendment.  Smith v. Clarke, 458 F.3d 720,

724 (8th Cir. 2006).

According to plaintiff, he "had not swallowed anything" immediately prior to

his arrest, and the police officers "deliberately fabricated a story to hospital

personnel" regarding the two "eight balls" of cocaine.  Plaintiff told the defendant

hospital employees he did not want them treating him or injecting him with any

medicine, "stating that such was not needed."  In essence, plaintiff is claiming that

upon his admission to each of the defendant hospitals, he was not suffering any

objectively serious medical needs.  As such, he cannot possibly state a claim for

deliberate indifference.    See Estelle, 429 U.S. at 106 (to state claim for

unconstitutional medical mistreatment, plaintiff must plead facts sufficient to indicate

deliberate indifference to serious medical needs).  Moreover, plaintiff alleges that the

defendant doctors and nurses were presented with two different accounts of whether

he had, in fact, ingested two "eight balls" of cocaine, and that he disagreed with their

decision to render him treatment.  These allegations simply do not rise to the level of

deliberate indifference.  See Estate of Rosenberg, 56 F.3d at 37 (mere disagreement

with treatment decisions does not rise to the level of a constitutional violation).  For

these reasons, the complaint will be dismissed as legally frivolous and for failure to

state a claim against defendants Dr. Barra Barnes, Dr. Martin A. Docherty, Brooke

A. Shepard, Mark Canada, Debbie Harrison, Cindy Murphy, Heather Reeves, Dr. Bruce Stoliar, Jamie Swanston, and Dr. James A. Junker.

## II.  State-Law Claim for Medical Malpractice

Because plaintiff's federal § 1983 claims will be dismissed, the Court will also dismiss his remaining pendent state claim for medical malpractice.  See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); Hassett v. Lemay Bank & Trust Co., 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a matter of discretion).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $1.75 within thirty (30) days from the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon plaintiff's 42 U.S.C. § 1983 claims, because the allegations are

legally frivolous and fail to state a claim upon which relief may be granted.  See 28

U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Court declines to exercise jurisdiction

over plaintiff's pendent state-law claim for medical malpractice, and that this claim

is **DISMISSED**, without prejudice.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 22nd day of March, 2012.


                                                 _____
**UNITED STATES DISTRICT JUDGE**